[No. 19801. Department One. July 28, 1926.]

## ROBERT HUSTON, *Respondent,* v. S. A. DODGE, *Appellant.*[1]

[1] VENDOR AND PURCHASER (46, 47)—RESCISSION BY VENDOR—BREACH OF CONDITION. Where the purchaser of real estate failed to perform or tender performance of the contract, the vendor is entitled to its cancellation and possession of the property; and the purchaser cannot claim the benefit of offers of discount or modification of the agreement which she did not accept or comply with.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 17, 1925, upon findings in favor of the plaintiff, in a vendor's action to cancel a contract, and recover possession of real estate, tried to the court. Affirmed.

*James Garvey* and *Charles Bedford,* for appellant.
*William R. Lee,* for respondent.

TOLMAN, C. J.—Respondent, being the owner of certain real estate situated in Pierce county, Washington, on March 20, 1924, entered into a written contract with the appellant for the sale thereof to her and apparently gave immediate possession. The contract fixed the price of the land at $3,300, provided that the parties should join in obtaining a mortgage loan of $1,800 thereon, the whole of which should be paid to the seller; that the purchaser should pay $500 in cash in six months, give two notes for $500 each, due in one and two years, secured by a second mortgage, and make certain specified improvements upon the real estate of an estimated cost of $800. A mortgage loan of but $1,500 was obtained, and no payments of any kind were made by the purchaser to the seller. The purchaser seems to have made some of the improvements upon the

¹Reported in 248 Pac. 63.

property, but the finding of the trial court to the effect that she did not perform in this respect is well sustained by the evidence. After the first payment, due in six months, of $500 was in default, the parties entered into an escrow agreement somewhat modifying the terms of payment as set forth in the original contract; but no payments whatever were made under the escrow agreement; and therefore, as it was to be delivered and become effective only upon a performance of its terms, it need not be set forth or further noticed. It further appears that respondent, still later, in an attempt to accelerate payment, offered a discount, but his offer was unaccepted and uncomplied with, and is therefore now immaterial.

This action was brought by respondent, as plaintiff, setting up the contract, alleging the defaults on the part of the defendant above indicated, and praying for cancellation of the contract, the recovery of possession of the property and for damages and costs. After a trial on the merits, a judgment was entered below, canceling the contract and awarding possession of the property and costs to the plaintiff. The defendant has appealed.

To state the case is to decide it.

[1] Appellant clearly failed to perform or tender performance, and cannot now claim the benefit of any offers to discount or modify, which she did not accept and comply with when made, and with which she does not even now tender compliance.

Appellant's brief presents some assignments of error on technical points, but they are not well taken or such as require discussion.

The judgment is affirmed.

HOLCOMB, ASKREN, FULLERTON, and BRIDGES, JJ., concur.